THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARMELO COLÓN RIVERA, Defendant and Appellant.

Nos. CR-63-326, CR-63-327.    Decided March 16, 1964.

*Benjamín Ortiz* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Carmelo Colón Rivera appeals from judgments of conviction for violation of the Bolita Act.

Three informations were filed against him under numbers M60-458, M60-459, and M60-460. In the first one—458—he was charged with having in his possession bolipool numbers on February 27, 1960. In the second—459—he was charged with having in his possession one bolipool number on March 19, 1960. In the third—460—he was charged with having in his possession, on April 27, 1960, a paper bag containing lists of three digit numbers, a dash and a number to the right; money, pencil; material used in the bolita game. The three causes of action were tried jointly. In the

transcript of the record sent to this Court there is no proof of the pronouncement of the sentences. Neither did records Nos. 458 and 460 contain the written judgments signed by the judge. Record No. 459 contains a judgment of acquittal signed by the judge.

It appears from the transcript of the record that on the day prior to his being sentenced, the trial court acquitted the defendant on the merits of the imputation relating to the possession of bolita material on April 27, 1960. Notwithstanding, the minutes appearing from the record of this information—460—establish that he was found guilty and sentenced to six months in jail. From the transcript of the record it appears that the trial court convicted the appellant of a violation which occurred on March 19, 1960, case No. 459. This record contains a judgment signed by the judge declaring him not guilty and acquitting him, and it appears likewise from the minutes. On the other hand, there is a notice of appeal signed by defendant's attorney in case No. 458, and another notice of appeal numbered 459 filed in record No. 460.[1]

■ Appellant repeats the contention raised at other times that the title of the Bolita Act, Act No. 220 of 1948, does not express that those violations should be tried before a court without a jury and maintains that the proceeding followed lacks constitutional validity. He argues that under a general provision cases originating in the Superior Court, even if misdemeanors, should be tried before a jury, and because the title of the Act makes no reference to a trial without a jury, the sentences are invalid. We have already

---

[1] The records sent to this Court by the Court of First Instance should be free of errors and confusions, and they should be a faithful and true representation of the proceedings and pronouncements had in said court. Situations such as this, which do not come up for the first time, are undesirable.

disposed of this contention. *Cf. People* v. *Pérez*, 83 P.R.R. 221 (1961).

However, aside from the question of the title of the Act, and even assuming that this provision of the Bolita Act which establishes a trial without a jury was void because of said omission, or that said provision did not exist, appellant would still have no right to a trial by jury.

The former § 178 of the Code of Criminal Procedure granted a trial by jury, as does now Rule 111 of the Rules of Criminal Procedure of 1963, in misdemeanor cases when they were originally prosecuted in the former District (Superior) Court and were also of the jurisdiction of the former Municipal (District) Courts. Rule 111 provides similarly: ". . . provided that the information was originally filed in the Superior Court and was also within the jurisdiction of the District Court." Under Act No. 220 of 1948, Bolita Act, the venue or jurisdiction to prosecute these violations, whether a felony or misdemeanor, always corresponded to the former District Court, now Superior Court. Misdemeanors were never within the jurisdiction of the Municipal Court, now District Court. Consequently, even when Act No. 220 made no mention that the trials would be held by a court without a jury, they would always have to be so held—including felonies before the effectiveness of the Constitution—since the trial by jury is not guaranteed for misdemeanor cases.

Historically, the purpose of providing in Act No. 220 that the trials be held without a jury was to dispense with the jury in felony cases under said Act since with respect to misdemeanors the expression was unnecessary. We have been explicit on this point because of the frequency with which defendants repeatedly allege that the provision of the Bolita Act is void, claiming to be entitled to a trial by jury in misdemeanor violations.

■ The other assignment refers to the evidence. According to the transcript of the evidence, on February 27, 1960 appellant had notebooks and invited an undercover agent to play number 467 of the bolipool, which the latter accepted and paid twenty-five cents. Appellant showed him the small piece of paper with the number and told him: "Since you already know the number, I shall throw it away." He creased the paper and threw it to the floor. The agent stepped on the paper and waited till appellant left so as not to raise suspicions, picked it up and offered it in evidence at the trial. Naive as appellant's action may seem, the trial court believed that evidence. On another occasion, on March 19, 1960, appellant offered to the same undercover agent No. 439 printed on a small piece of paper and the latter paid him twenty-five cents. The small piece of paper was offered in evidence. The agent explained for the record how bolipool numbers were played. Said evidence having been believed by the trial court, there is no reason to reverse the convictions on the additional fact adduced by appellant that the informations charged the possession of bolipool and the evidence referred to a sale. The judgments will be affirmed.

